[No. 13337.  Department One. — June 30, 1891.]

GEORGE SCHMIDT et al., Respondents, v. THE MARKET STREET AND WILLOW GLEN RAILROAD COMPANY, Appellant.

Street-railroad Company — Acceptance of Franchise upon Condition — Liability for Street Improvement. — The acceptance by a street-railroad company of its franchise, granted by a city under the authority of an ordinance providing that when any part of the street over which the road should run should be ordered improved or reimproved the railroad company should be held for the payment of its *pro rata* share of the cost thereof, the cost to be assessed and collected in the same manner as other street assessments, and to be a lien upon its road-bed, rolling stock, and franchise, is equivalent to an express agreement by the company to pay its proportion of the cost of whatever improvement of the street the city should order, whether ordered under its then existing charter or under a subsequent act of the legislature authorizing such improvements, and the cost of the same may be collected, in the manner provided for the collection of other street assessments, at the time of the improvement.

Id. — Suit by Contractor. — Under the provisions of such ordinance, the liability of the street-railroad company is not limited to payment to the city for the improvement, but it may be held liable to the person entitled to make the collection; and if the manner of collecting other street assessments is by a suit brought by the contractor in his own name to recover an assessment, that mode may be pursued against the street-railroad company.

Id. — Notice of Street-work — Reference to Resolution of Intention. — A notice of street-work published by the superintendent of streets, containing the whole of the resolution for the improvement, and stating the date and fact of its passage, is not rendered defective because of an omission to refer to the resolution for further particulars.

Id. — Pleading — Defective Mode of Allegation — Special Demurrer — Waiver. — Mere defects in the mode of alleging a cause of action will not impair the validity of a judgment rendered after a trial upon the merits, when not presented by a special demurrer.

Appeal from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*T. H. Laine*, and *Laine & Hatch*, for Appellant.

*C. T. Bird*, for Respondents.

HARRISON, J. — Section 497 of the Civil Code provides that "authority to lay railroad tracks through the streets and public highways of any incorporated city or town may be obtained, for a term of years not exceeding fifty, from the trustees, council, or other body to whom is intrusted the government of the city or town, under such restrictions and limitations, and upon such terms and payment of license tax, as the city or town authority may provide." The ordinance of the city of San José, passed March 7, 1876, under which the defendant obtained the right to construct and maintain a street railroad in said city, contained the following condition: "Whenever any part of any street over which this road shall run shall be ordered improved or reimproved, and the work of improving such street shall be let by contract, the part of said street occupied by said track or tracks, and two feet on either side thereof, shall be let together with the rest of the street or streets; and the grantee herein named, or its successors and assigns, shall be held for the payment of the cost of said improvement, which cost shall be assessed in the proper proportion of the width of the track and two feet on either side thereof to the whole width of the street or streets so improved, and collected in the manner provided for the collection of other street assessments, and shall become a lien upon the road-bed, rolling stock, and franchise of said road." On the 19th of May, 1887, in pursuance of proceedings therefor taken in accordance with the provisions of the act of March 18, 1885, entitled "An act to provide for work upon streets, lanes, alleys, courts, places, and sidewalks, and for the construction of sewers within municipalities" (Stats. 1885, p. 147), the plaintiffs entered into a contract with the commissioner of streets of the city of San José for certain improvements upon a portion of Market Street over which the defendant had constructed its road, and after the completion of the work received an assessment for the expenses incurred for

said work, together with a warrant for its collection.   By said assessment the defendant, and the road-bed and space between the rails and two feet on each outer side of the railroad track upon said portion of Market Street, was assessed in the sum of $957.50 as its proportion of the cost of the improvement of said street.   This action was brought to recover the amount of the assessment, and is defended upon the ground that by the aforesaid act of March 18, 1885, no liability whatever can be created against the defendant for work done under its provisions.

Section 7 of the act of March 18, 1885, provides that "the expenses incurred for any work authorized by section 2 of this act, which shall not include such portion of any street as is required by law to be kept in order or repaired by any person or company having railroad tracks thereon, shall be assessed upon the lots and lands fronting thereon."   No mode is provided in the act for collecting from a street-railroad corporation whose road occupies a portion of the street any portion of the expense of improving the street.   It may also be observed that the original act under which the city of San José was reincorporated (Stats. 1874, p. 395) is equally devoid of such provision.   The amendatory section referred to by counsel for appellant (Stats. 1876, p. 621) has reference only to the special condition therein expressed, that the street, or any portion thereof, is "dangerous, or in a condition to cause great public inconvenience," and does not apply to the general provision for improvements of streets.   It was doubtless in view of this fact that when the common council of San José, under the authority given it by section 497 of the Civil Code, granted the defendant its franchise, it attached thereto as one of the " terms " which by said section it was authorized to impose a condition that the defendant would bind itself to pay the cost of any improvement of that portion of the street occupied by it.

The acceptance by the defendant of its franchise under this condition was equivalent to an express agreement for the payment by it of its proportion of the cost of whatever improvement of the street the city should at any time order. This liability was not limited to such improvement as the city should order under its charter as it then existed, nor was the collection of the amount confined to the mode then provided for the collection of other street assessments. The language of the condition is general in its terms, and embraces all work of improving the street under whatever statute it may be ordered, and every mode which may be provided for the collection of other assessments.

The contention by the appellant, that by the terms of the condition contained in the ordinance it can be held liable for the payment of the assessment only to the city of San José, cannot be sustained. By accepting this franchise with the terms and conditions which were made a part thereof, the defendant agreed that it would be "held" for the payment of its proportion of the cost of this improvement, and that the amount of this assessment might be collected in the manner provided for the collection of other street assessments, and should become a lien upon the road-bed, rolling stock, and franchise of said road. The only reasonable construction to be given to its agreement is, that it would be "held" to the person entitled to make the collection. The manner of collecting other street assessments provided by the act of 1885, under which this improvement was made, is by a suit. brought by the contractor in his own name (Stats. 1885, p. 157, sec. 12), and this mode was pursued in the present case.

The objections made by the appellant to the sufficiency of the proceedings taken by the city officers for the improvement of the street cannot be sustained. The notice of street-work which was published by the superintendent contained the whole of the resolution for the

improvement, and stated the date and fact of its passage. Inasmuch as there were no " further particulars " in the resolution, it would have been idle to make a formal reference therefor in the notice, and an omission to make such reference cannot be considered a defect. The other objections refer to the absence of certain averments from the complaint, and should have been presented by special demurrer.   Mere defects in the mode of alleging a cause of action will not impair the validity of a judgment rendered after a trial upon its merits.

The judgment is affirmed.

GAROUTTE, J., and BEATTY, C. J., concurred.

Hearing in Bank denied.