HENRY N. WHEELER

*v.*

THE PEOPLE *ex. rel.* Charles Kern, Collector.

*Filed at Ottawa November 27, 1894.*

1. SPECIAL ASSESSMENT—*presumption as to location of improvement.* The improvement for which a special assessment is levied is presumed to be located within the jurisdiction of the city council passing the ordinance, if nothing appears to the contrary.

2. NOTICE—*need not state improvement is within the city.* The notice published by commissioners who make a special assessment need not state that the improvement is within the city, that being presumed.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

Messrs. MATZ & FISHER, Messrs. MCMURDY & JOB, Messrs. MASON BROTHERS, Mr. WILLIAM GARNETT, Jr., Mr. CHARLES T. MASON, Mr. R. E. PENDARVIS, and Mr. DANIEL H. HORNE, for the appellant:

The ordinance is invalid and void. Rev. Stat. chap. 24, art. 9, sec. 19; *McChesney* v. *People,* 148 Ill. 221; *Carlyle* v. *County of Clinton,* 140 id. 512; *Morrison* v. *Chicago,* 142 id. 660.

The ordinance is the foundation of all the subsequent proceedings, and they must fail if it is invalid. Compliance with the statute is essential to the jurisdiction of municipality and court. *Lindsay* v. *Chicago,* 115 Ill. 120; *Carlyle* v. *County of Clinton,* 140 id. 512; *Morrison* v. *Chicago,* 142 id. 660; *Railway Co.* v. *Jacksonville,* 114 id. 562; *County of Jefferson* v. *Mt. Vernon,* 145 id. 80; *Davis* v. *Litchfield,* id. 313.

The objection to the validity of the ordinance can be made on the application of the county collector for judgment of sale for delinquency as well as at any other time. *Kilmer* v. *People,* 106 Ill. 529; *Schertz* v. *People,* 105 id. 27.

The defect in the published notice is fatal to the jurisdiction. *McChesney* v. *People,* 148 Ill. 221.

Mr. John F. Holland, and Mr. Harry Rubens, Corporation Counsel, for the appellee:

The ordinance sufficiently describes the locality of the improvement, and is not void. This is all that the law requires. *Barber* v. *Chicago*, 152 Ill. 37; *Levy* v. *Chicago*, 113 id. 650; *Springfield* v. *Mathus*, 124 id. 88; *Kankakee* v. *Potter*, 119 id. 324; *Hyde Park* v. *Spencer*, 118 id. 446; *Ogden* v. *Lake View*, 121 id. 422; *Pearce* v. *Hyde Park*, 126 id. 287; *Woods* v. *Chicago*, 135 id. 582; *Kimball* v. *Peoria*, 140 id. 157; *Railroad Co.* v. *Quincy*, 136 id. 563.

The rules for the construction of ordinances are the same as for the construction of statutes. *Matter of Wick Wo*, 68 Cal. 294.

It is a cardinal rule that all statutes are to be so construed as to sustain rather than ignore or defeat them,— to give them operation, if the language will permit, instead of treating them as meaningless. *Howard Ass. Appeal*, 70 Pa. St. 344.

It is the duty of courts to put such a construction upon statutes, if possible, as to uphold them and carry them into effect. *Winter* v. *Jones*, 10 Ga. 190; *Swift* v. *Topeka*, 43 Kan. 671.

Every presumption is in favor of the validity of legislative acts, and they are to be upheld unless there is a substantial departure from the organic law. *Winter* v. *Montgomery*, 65 Ala. 403; *Stack* v. *Jacob*, 8 W. Va. 626; *People* v. *Briggs*, 50 N. Y. 553.

It is presumed that a legislative body has a knowledge of the state of the law upon the subject upon which it legislates. *Bradbury* v. *Wagenhorts*, 54 Pa. St. 180; *Ex parte Banks*, 28 Ala. 28; *O'Byrnes* v. *State*, 51 id. 25.

Where the legislature has conferred full and exclusive jurisdiction on a municipal corporation over a certain subject, the acts of the corporation will be supported by every fair intendment and presumption. *Baltimore* v. *Cluet*, 23 Md. 449.

In construing this ordinance the court may look at the title of the ordinance, and may consider the intention of the city council.  *Martindale* v. *Palmer*, 52 Ind. 411.

If by giving the language of an ordinance its ordinary meaning in the construction of the ordinance it would lead to an absurd consequence, this court would depart from the words of the ordinance.  *Steele* v. *Village of River Forest*, 141 Ill. 302;  *Blake* v. *People*, 109 id. 504;  *Gage* v. *Parker*, 103 id. 528.

It is the general rule, that where the court has jurisdiction of the parties and the subject matter, its judgment is not open to collateral impeachment by the parties thereto or their privies.  1 Black on Judgments, sec. 345;  *People* v. *Brislin*, 80 Ill. 423;  *Lehmer* v. *People*, id. 601;  *Prout* v. *People*, 83 id. 154;  *Railway Co.* v. *People*, id. 467;  *Andrews* v. *People*, id. 529;  *Gage* v. *Parker*, 103 id. 528;  *Blake* v. *People*, 109 id. 504;  *Riverside Co.* v. *Howell*, 113 id. 256;  *Schertz* v. *People*, 105 id. 27;  *Murphy* v. *People*, 120 id. 234;  *Riebling* v. *People*, 145 id. 120;  *Clark* v. *People*, 146 id. 348.

Proofs may help out an uncertainty in an ordinance.  *Levy* v. *Chicago*, 113 Ill. 650;  *Woods* v. *Chicago*, 135 id. 582;  *Railroad Co.* v. *Quincy*, 136 id. 565.

As to the question of the sufficiency of the notice given in the special assessment proceeding, the appellant is concluded by the record.  That question cannot be gone into after judgment of confirmation.  *Clark* v. *People*, 146 Ill. 348.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county, for the sale of the appellant's land for a delinquent special assessment made by the city of Chicago for a street improvement.  A judgment confirming the assessment had been previously rendered by the county court by default, and the appellant appeared and filed various objections to the entry of judgment for the sale of his land, all of which were overruled and judgment

was entered. The objection now insisted upon is, that the ordinance in pursuance of which the assessment was made is void, because it fails to describe the proposed improvement as being within the city of Chicago.

A considerable portion of the appellant's brief is devoted to the question whether this objection is one which may be availed of on application for judgment for sale of his land, notwithstanding the judgment by default confirming the assessment. But whether this is so or not need not be considered, as the objection itself, even if it had been interposed in apt time to the entry of judgment of confirmation, would not have been tenable.

The language of the ordinance designating the locality of the proposed improvement is as follows: "That Sixty-third street, from State street to Cottage Grove avenue, be and the same is hereby ordered curbed," etc. As we have held in *Stanton et al.* v. *City of Chicago*, (in which the opinion is this day filed,) so long as nothing appears to the contrary, the presumption will be indulged in that the city council has not intended to transcend its territorial jurisdiction, and that the location of the improvement provided for by its ordinance is within the city.

Objection is also made that the special assessment notice published by the commissioners who made the assessment is insufficient, because it failed to state affirmatively that the improvement for which the assessment was made was within the city. The notice followed the language of the ordinance in that respect, and as the designation of the location of the improvement in the ordinance must be held to be sufficient, the same thing must be said of the notice.

As none of the objections to the entry of judgment were well taken, the judgment of the county court will be affirmed.

*Judgment affirmed.*