A. G. DOWNING, NETTIE BARR, and W. F. BARR, Appellants,
   v. CITY OF DES MOINES, and SHEPHERD and HANRA-
   HAN, Appellees.

124 289
127 476

**Streets:** PARKING: SPECIAL ASSESSMENTS. Code, section 792, author-
1  izes a city to improve its streets by parking a space along the center
line thereof, and it may assess the cost of curbing the same to the
abutting property.

**Public improvement:** POWER OF CITIES. It is within the power of a
2  city to provide for work of public improvement and to determine
the plan, and courts will not interfere except in cases of clear abuse
of such power.

*Appeal from Polk District Court.*— HON. W. H. MC-
HENRY, Judge.

WEDNESDAY, JUNE 8, 1904.

APPEAL from order of the district court denying plain-
tiff's application for writ of injunction. The opinion states
the facts.— *Affirmed.*

*J. K. Macomber* and *J. C. Shoemaker,* for appellants.

*W. H. Bremner, Moses Cohen,* and *R. B. Alberson,* for
appellees.

WEAVER, J.— The plaintiffs are resident owners of
property abutting on Kingman Boulevard, in the city of Des
Moines. Under the order of the city council the boulevard
has been curbed on either side, and the expense thereof as-
sessed against the abutting property. Soon after the com-
pletion of this improvement, the city, by its council and
board of public works, undertook to set apart a 20-foot strip
along the center of said boulevard for parking purposes, and

in furtherance of said design ordered said strip to be curbed on either border; the expense thus incurred to be also assessed against the lots fronting thereon. Before the letting of the contract for said work, this action was begun to enjoin such assessment. Upon a preliminary hearing before the district court plaintiffs' application for a temporary injunction was denied, and from that order this appeal has been taken. The single point made in appellants' brief is that the city is without statutory authority to order such improvement or ornamentation of a street at the expense of the adjacent property.

It may be conceded that a city has no power to impose a burden of this nature upon property owners, except as the same may be authorized by statute. We have, then, to in-

**1. PARKING STREETS: special assessments.** quire what authority has been conferred by our Legislature. Code, section 792, provides that " cities shall have power to improve any street, highway, avenue or alley by grading, parking, curbing, paving, graveling, macadamizing and guttering the same or any part thereof; and to assess the cost on abutting property as provided in this chapter." The power to " park " a public street could hardly be conferred in clearer or more specific terms than is here expressed. It is not, we think, within the province of the court to narrow and restrict the power thus broadly given by holding that the parking thus authorized must be confined to that part of the street between the lot line and the driveway, or by denying the authority of the city under this provision to divide the driveway by a belt or strip of parking along the central line thereof. If this power exists — as we think it clearly does — there can be scarcely less doubt of the power to require such park to be inclosed by a suitable curb. It will no doubt be admitted that the city has the power to pave the street, and make special assessment of the cost against the adjacent property. It is a matter of common observation that a curb of some kind is essential to protect and preserve

the outer edges of a pavement, and it is no great stretch of construction to hold that the power to pave includes or implies the power to construct all the curbing which is reasonably necessary in such improvement. Such, indeed, was the holding of this court in *Warren v. Henly,* 31 Iowa, 31. But, however that may be, the power to curb is expressly given, and where a space in the middle of the street has been reserved for parking purposes we know of no rule of construction by which that power is to be held exhausted by the construction of a curb between the sidewalk and driveway. The curbing of the park is not necessarily any increase of burden upon the adjacent property, for, if the park were eliminated or abandoned, the paving of the space thereby occupied would doubtless be largely in excess of the cost of the work now sought to be enjoined.

It is the contention of the appellants that the powers given by the statute we have cited have reference only to such improvements as tend to make the street a better or more available avenue of public travel, and do not authorize improvements which are merely ornamental or beautiful. The facts presented by the record before us do not seem to necessitate a consideration of this question. It may be said, however, that the authority here expressly provided for the parking of streets and avenues can scarcely be reconciled with the proposition that all street improvements must be limited by the single consideration of the convenience or safety of the traveling public. The term " parking " is incapable of any plausible definition which does not involve the idea of beautifying those portions of the street not necessarily occupied by walks and roadways. To what extent this power may be exercised at the expense of abutting property we need not now determine. The improvement here objected to goes no farther than to provide that the paved roadway and the space reserved for parking shall be separated by a line of curbing, and to authorize this action it is not necessary for the city to

draw upon its power, if any it has, to improve and ornament such park. Counsel for appellants, directing their vision toward the future, see the park thus provided for resplendent with trees, shrubs, flowers, and statuary created and maintained at the expense of the abutting property, and very naturally conclude from the lot owner's point of view that " a thing of beauty " is not necessarily and under all circumstances " a joy forever." In our judgment, these prophetic fears cannot be well grounded upon the circumstances of this case, nor upon the assertion of municipal authority here upheld. The work sought to be enjoined comes well within appellant's own definition of the city's authority to make such improvements as directly tend to the betterment of the street as a public highway, and is not a mere matter of ornamentation.

Evidence was offered upon the part of plaintiffs that the construction of the curb will not benefit their property, and is not needed, and that the roadway left after taking out

2. PUBLIC IM-
PROVEMENT:
power of
cities.

the parking is too narrow for convenient use. The showing made in this respect will not justify the relief demanded. Where power is given a city to provide for works of public improvement it is ordinarily within the discretion of the council to determine when and where the work shall be done, and to provide the plan thereof. It is only in cases of clear abuse of such discretion that the courts will interfere. So far as can be determined from the record, the city has kept within the limits of the authority conferred by the statute.

There was no error in refusing the writ, and the judgment of the trial court is AFFIRMED.