M. S. OWENS, Appellant v. THE CITY OF MARION, IOWA, ET AL, Appellees.

**Special assessments: OBJECTION: WAIVER.** Objection to errors, ir-
1 regularities or inequalities in the making of a special assessment, or the proceedings leading up to the same, which do not go to the validity of the proceedings, are waived by failure to file the same with the city council.

**Defects in special assessment proceeding.** Neither the fact that
2 notice of a city's intention to pave was not given the required length of time before the resolution to pave was considered; that the kind of material to be used was not definitely stated in the notice; nor that notice to builders failed to state when the work should be done, payments made, kind of material used and when bids would be acted upon, where the notice referred to the plans and specifications on file which substantially covered these points, operated to invalidate the proceedings, but are defects which should have been reached by objection before the council.

**Proof of notice.** Under Code, section 823, relative to posting no-
3 tices of special assessments for street improvement, a recital in the record of the assessment resolution that notices were posted as required by law is sufficient evidence of the posting thereof.

**Validity of notice.** The fact that the published notice of a special
4 assessment required by Code, section 823, directed that objections should be filed with the council within twenty days from its date rather than twenty days from its first publication as provided by statute, did not render the notice void but merely defective.

**Same.** It is not necessary that notice of a special assessment for
5 street improvement specify a time when objection thereto will be heard.

| 127 | 469 |
| --- | --- |
| 130 | 68 |

| 127 | 469 |
| --- | --- |
| h133 | 601 |
| j133 | 603 |

| 127 | 469 |
| --- | --- |
| 137 | 110 |

| 127 | 469 |
| --- | --- |
| 141 | 69 |
| 141 | 71 |
| 141 | 320 |

| 127 | 469 |
| --- | --- |
| 144 | 629 |

Special assessments: FRAUD. Fraud in the assessment of property
6   for street improvement cannot be established by showing a
    failure of the council to take testimony in fixing the value of
    the property for the purpose of assessment on the basis of
    benefits; nor by showing the inequitable character of the
    assessment.

Irregular assessment: REMEDY. Where neither want of authority
7   nor fraud is shown in the making of a special assessment, an
    independent action in equity to restrain the enforcement of
    the tax will not lie; the remedy for an irregular, unequal or
    erroneous assessment is an appeal based on objections filed
    with the council.

*Appeal from Linn District Court.*— Hon. J. H. Preston,
Judge.

Saturday, May 6, 1905.

Suit in equity to cancel a special assessment made by
the defendant city against plaintiff's property for paving,
curbing, and guttering a street in front thereof; to expunge
the record of said assessment, and to restrain the defendants
from advertising or selling the property for said tax; from
collecting the said assessment, or any part thereof; and for
general equitable relief. After issue joined, the case was
tried to the court, resulting in a decree dismissing plaintiff's
petition, and she appeals.— *Affirmed.*

*E. C. Barber* and *Rickel, Crocker & Tourtellot,* for
appellant.

*F. L. Anderson,* for appellees.

Deemer, J.— Plaintiff, who is a married woman, is the
owner of six lots in the city of Marion, and on or about the
8th day of September, 1902, the said city, through its proper
officers and agents, made a special assessment against each of
said lots for paving, curbing, and guttering a street in front
thereof in the sum of $175.38, or, in the aggregate, the sum

of $1,052.38. This action was commenced on the 26th day of March, 1903, and is to cancel, set aside, and annul these special assessments on account of errors, irregularities, and defects in the proceedings relating to the improvement of the street.

Section 824 of the Code provides that " all objections to errors, irregularities or inequalities in the making of special assessments, or in any of the prior proceedings or notices not made before the city council at the time and in the manner herein provided for, shall be waived, except where fraud is shown." Of course, this statute does not cover defects which go to the validity, rather than the legality or regularity, of the proceedings. If they are void, or without jurisdiction, an equitable action will lie to have them so declared; and the statute expressly provides that there shall be no waiver in case fraud is shown. So that we have but two inquiries in this case: (1) Were the proceedings void because of any fundamental defects therein; and (2) is there any fraud shown? In arriving at a satisfactory solution of the first proposition a distinction must be preserved between those defects, if any such are shown, which were simply erroneous, irregular, or resulted in inequalities, and those which reach so much deeper as to avoid the entire proceedings. Plaintiff was a party to the assessment proceedings, and does not, therefore, stand in the attitude of a stranger. Being such party, the Legislature may provide a tribunal for the determination of all controversies growing out of the assessment, and, in the absence of fraud, or of such a showing as deprived that tribunal (the city council in this case) of the right to act at all, resort must be had to that tribunal for the correction of all errors, irregularities, or inequalities in the assessment, or in any of the prior proceedings or notices. These principles are fundamental, and in support thereof we need only cite the following: *C. M. & St. P. R. Co. v. Phillips,* 111 Iowa, 377; *Gallaher v. Garland,* 126 Iowa, 206; *Minne-*

1. SPECIAL ASSESS-MENTS: objection: waiver.

*apolis etc. v. Lindquist,* 119 Iowa, 144; *Marion v. Marion,*
121 Iowa, 306; *Diver v. Keokuk,* 126 Iowa, 691.   It is con-
ceded that there was an attempt made by the city to comply
with every step required by statute, from the passage of a
resolution of intention to pave, curb, and gutter down to
the time the assessment was in fact made; and the section
of the Code already quoted provides that all errors, irregu-
larities, or inequalities in the making of the assessment or
in the prior proceedings or notices not made before the city
council as therein provided · shall be deemed waived.   If,
then, the city council had jurisdiction, and the right to make
an assessment at the time it did, and the plaintiff had
such notice thereof as the statute provides, although such
notice may have been defective, all errors were waived, for
it is conceded that plaintiff did not appear before the council,
nor did she file any objections to the proposed assessment as
required by law.

Before going to the facts relating to this proposition,
we shall notice the law with respect thereto.   Section 820
of the Code provides, in substance, that. when the making
of any street improvement shall have been completed the city
council shall ascertain the cost thereof, and shall also ascer-
tain what portion of such cost shall be by law .and the reso-
lution under which the improvement was made assessable
upon abutting property, and the council shall then assess
such portions upon and against said property as provided by
law.   Section 821 provides for the preparation by the coun-
cil of a plat of the street which was improved, showing
the lots subject to assessment, the homes of the owners thereof,
and the amount to be assessed against each lot, and shall
file said plat with the city clerk for the inspection of the
public.   Section 823 provides that after the filing of this plat
and schedule the council shall give at least ten days' notice
by publication in each of two newspapers published in the
city, and by handbills posted in conspicuous places along the
line of the street improvement, that said plat and schedule

are on file, and that within twenty days after the first publication all objections thereto or to the prior proceedings on account of errors, irregularities, or inequalities must be made in writing and filed with the clerk; and the council, having heard such objections and made the necessary corrections, shall then make the special assessments as shown in said plat and schedule as corrected and approved. Section 824 has already been quoted. Section 825 provides, in substance, that the special assessments made in said plat as corrected and approved shall be levied at one time by ordinance or resolution against the property abutting on the street improvement, and when levied and certified shall be payable at the office of the county treasurer. Section 826 provides for a certification of the levy to the county auditor of the county.

Appellant's first contention with reference to the notices provided for in section 823 is that no handbills were posted as required thereby. The evidence does not bear her out in this contention. True, the proof of such posting 3. PROOF OF NOTICE. is in parol; but there is no statute which requires that it be in writing. In so far as this plaintiff is concerned, the fact of posting is the essential thing, and not the nature of the evidence to show it. The record of the special assessment resolution does recite, however, that handbills were posted as required by law, and this was sufficient in any aspect of the case. Plaintiff was a party to the assessment, and the notice, if given, gave the council jurisdiction to confirm the assessment.

The next point is that the notices, while published as required by law, did not give plaintiff the requisite time within which to file objections. It is conceded that the 4. VALIDITY OF NOTICE. notices were published for the required time in two newspapers in compliance with the statute, but it is said that they did not give plaintiff the full time allowed by law within which to file objections. The notices as published each stated that objections to the plat and schedule and to the prior proceedings " must be made in

writing, and filed with the clerk within twenty days from this date." "Dated at Marion, Iowa, this 6th day of August, 1902." One of these was published August 8, 1902, and the other on August 7th. The exact point here is that plaintiff was entitled to full twenty days after the first publication of notice within which to file her objections, whereas the notices as published gave her but nineteen days after one publication and eighteen after the other. As we have said, the notices were published and posted for the time required by law, and the defect, if any, is in the form thereof. As the statute fixes the time within which objections may be filed as twenty days after the first publication is completed — which in this case was on August 8th — the defect in the notice in fixing another time was a mere irregularity or error, which did not affect the jurisdiction of the city council, or in any manner prejudice plaintiff's right to file her objections within the time given her by statute. The notice was defective only, and not void. *Burr v. Wilcox,* 19 Iowa, 31; *Sweet v. Porter,* 12 Iowa, 387; *Anderson v. Kerr,* 10 Iowa, 233; *Hildreth v. Harney,* 62 Iowa, 420; *Smith v. Shaw,* 49 Iowa, 294. As the notice was not void, plaintiff cannot, by injunction, set aside the assessment, and thus collaterally attack the finding of the city council.

But it is said that, as the notice did not fix a time as to when objections would be heard by the city council, it is void: for that plaintiff was entitled to have a time fixed, a notice given of that time, and an opportunity to be heard at the time so fixed. The statute does not make this requirement. From the review of the legislative enactments already made, it appears that a provisional assessment is fixed by the city council, which is placed upon the plat and schedule, of which notice is to be given; that this notice is of the assessment as shown on said plat and schedule; and that objections thereto must be made in writing, and filed with the clerk. If no such objections are filed, there is nothing to consider. When they are made

5. SAME.

and filed, the party submits himself to the jurisdiction of the council, and must take notice of the time fixed for any hearing that may be ordered or granted. The statutory requirement as to the contents of the notice was fully complied with here, and it is not for us to say that some other kind of a notice should have been given. No attack is made upon the constitutionality of the law, and we do not consider that question. Assuming the law to be constitutional, the provisions thereof were sufficiently complied with to give the council jurisdiction. *Schmidt v. R. R.,* 90 Cal. 37 (27 Pac. Rep. 61); *Wheeler v. People,* 153 Ill. 480 (39 N. E. Rep. 123); *Lawrence v. Webster,* 167 Mass. 513 (46 N. E. Rep. 123); *Yeomans v. Riddle,* 84 Iowa, 147; *Arnold v. Ft. Dodge,* 111 Iowa, 152; *Lyman v. Plummer,* 75 Iowa, 353. Plaintiff in the instant case gave no attention to the notice, and she neither filed nor offered to file any objections to the assessment as shown on the plat and schedule. The assessment was confirmed on the 8th day of September, 1902, after the giving of the notice referred to, and as plaintiff made no objection thereto, she waived all errors, irregularities, and inequalities in the making of the assessment, and in the prior proceedings and notices.

The objections now made to the prior proceedings do not go to the validity, but rather to the regularity, thereof. For instance, it is said that the notice of intention to pave was defective, in that the notice was not given 2. DEFECTS IN SPECIAL AS- SESSMENT PRO- CEEDING. for the required length of time before the resolution to pave was considered, although it is admitted that such a notice was in fact given. Further, it is argued that neither the resolution to pave nor the notice fixed the material to be used, although it is admitted that it was stated in both that the pavement was to be of asphalt. True, there is evidence showing that there are different brands of asphalt, just as there are different brands of cement. Again, it is argued that nothing was said therein about curbing and guttering. This is true, but it was neces-

sarily included in the proposition to pave. *Downing v. City,* 124 Iowa, 289. Further, it is said that the notice to bidders was insufficient, in that it failed to state when the work was to be done, kind of material to be used, when payments were to be made, and when proposals would be acted upon. This notice referred to the plans and specifications on file, which did cover most, if not all, of these points; and it was sufficient. *Arnold v. City,* supra; *Jenney v. Des Moines,* 103 Iowa, 347. All of these matters, as will be noticed, are simply defects which do not make the proceedings void, but at most simply erroneous. They could have been reached by timely objections before the city council, and by appeal to the courts, but not by independent collateral action in equity. None of the cases cited and relied upon by the appellant hold to a contrary doctrine. Suffice it to say that all, or nearly all, were direct proceedings on appeal from the action of the city council. They are not in point.

II. The only other question in the case relates to the manner of the assessment against plaintiff's property. Section 1, chapter 29, page 14, Acts 28th General Assembly, provides that special assessments shall be in proportion to the benefits conferred upon the property, and not in excess thereof; and that " such assessments shall not exceed 25 per centum of the actual value of the lot or tract at the time of such levy; and the last preceding assessment roll shall be taken as *prima facie* evidence of such value." The value of plaintiff's property, including six other lots, as shown by the assessment roll preceding the making of the special assessment, was $2,000. She also introduced evidence to show that the property assessed was not worth in fact more than $1,250. There is also evidence to the effect that the benefits did not exceed $50 per lot. Testimony was also adduced tending to show that at the time the final assessment was made or confirmed no testimony was taken by the city council regarding the value of the property, or the amount of the

6. SPECIAL AS-
SESSMENTS:
fraud.

benefits conferred thereon by the improvement. The orig-
inal resolution passed by the council embodying the proposed
assessment with the plat and schedule attached, passed pur-
suant to sections 820 and 821 of the Code, recites, however,
that the city council found that the several properties were
specially benefitted to the amount of the assessments made
against them, and the final resolution for the assessment
passed September 8, 1902, recites the same thing. There is,
as we have said, testimony to the effect that no witnesses
were heard by the council at the time either resolution was
passed, and we may assume as a fact that no testimony
was taken. But we do not understand that a city council
is required to take testimony. It may, if it pleases, act
upon its own judgment regarding the value of the property
and the amount of benefits conferred; and, in the absence of
fraud, its judgment, in view of the statutes already quoted,
and of others to which we shall presently refer, is generally
conclusive, unless an appeal be taken therefrom as provided
by law. *Davies v. Saginaw,* 87 Mich. 439 (49 N. W. Rep.
667). There is no evidence of any fraud in the case, unless
it be found in the failure of the city council to take testi-
mony regarding values and benefits; but, as already indicated,
this is not in itself sufficient to establish fraud. Neither
does proof of the inequitable character of the assessment
establish fraud. Cooley on Taxation (3d Ed.) page 1258,
and cases cited.

Section 839 of the Code, as amended, provides, in sub-
stance, that any person affected by the levy of an assessment
may appeal to the district court from such assessment, and
upon such appeal all questions touching the
validity of the assessment or the amount there-
of, not waived under the provisions of the
chapter in which the section is found, may be heard and
determined, and the court to which the appeal is taken shall
determine all questions including that of benefits to the
property assessed. Plaintiff did not file any objections to

7. IRREGULAR AS-
SESSMENT:
remedy.

the assessment, did not appear before the city council at any time, and, of course, did not appeal to the district court, as she might have done. She offers no excuse whatever for not having done so. She is proceeding on the theory that the proceedings were wholly void, and that she was not required to do any of these things. It goes without saying that, if the assessment was without any authority, plaintiff was not bound to file objections with the council, or to appeal from its action in the premises. *Ft. Dodge v. Ft. Dodge,* 115 Iowa, 568. But if irregular, unequal, or erroneous simply, then, as a tribunal is provided for the correction thereof, plaintiff must resort to this tribunal. *M. & St. L. R. R. v. Lindquist,* supra. There being no sufficient evidence of fraud, and no proof of want of authority in the city council to make it, the assessment must be sustained. The remedy was by appeal to the district court, and not by injunction.

Plaintiff's contention that the assessment was made without authority of law is not sustained by the evidence. The city council had authority to make the assessment, and in so far as this case is concerned it made an assessment according to benefits, and not arbitrarily, as appellant contends. There is no showing that the council adopted the front-foot rule, and the presumption, of course, is that it followed the statute, and assessed according to benefits. Authorities cited by appellant from other States are not in point, for it does not appear in any of them that they were decided under statutes similar to our own; and, if it did, there was a showing in each case either that no assessment was in fact made or that the one made was in palpable and gross violation of law. The Lindquist Case, supra, announces the rule for this State. Plaintiff lost her remedy, if any she had, by not appearing before the council, and, if not successful there, by appealing to the district court. Through her failure to so appear she, in the language of the statute, " waived all errors, irregularities, and inequalities

in the making of the assessment and in the prior proceedings and notices."

There is no error in the decree of the trial court, and it is *affirmed.*