# Dearie and Wife *versus* Martin.

1. A mechanic's claim was filed against "James Dearie and Margaret Dearie, owners," &c. Margaret pleaded that "she was and is the wife of James Dearie," &c. The plaintiff replied that the work, &c., was done at the request of Margaret as well as of James, and was necessary and convenient for the preservation of her estate. *Held,* that the claim was defective in not showing that the property was the wife's, and the repairs done by her authority, and that the defect in the claim could not be remedied by the replication.

2. A claim cannot be amended after the statutory period for filing the claim.

[Dearie *et ux. v.* Martin.]

3. A wife's property is not subject to a lien for work, &c., in its improvement and repair, on a contract with the husband, unless done by her authority.

4. A husband cannot encumber his wife's property without her consent, even for necessary repairs.

5. In order to bind a wife's property by a mechanics' lien, the claim should show her coverture, and that the work, &c., was by her authority and consent; otherwise the claim is void.

6. The claim in this case did not create a lien on the wife's estate.

February 3d 1875.    Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia:* No. 44, to January Term 1875.

This was a scire facias on a mechanic's claim, issued May 17th 1873, at the suit of Samuel C. Martin, against "James Dearie and Margaret Dearie, owners or reputed owners, and James Dearie, contractor." The claim was filed on the same day (May 17th 1873) against "James Dearie and Margaret Dearie, owners or reputed owners, and James Dearie, contractor, and factory with its lot No. 2329 Callowhill street, being a debt incurred for gas and steam-fitting and the necessary labor for the same furnished and done by the said Samuel C. Martin to the said factory and premises, upon the orders of said James Dearie therefor, within six months preceding the filing of his claim, according to the said bill of particulars for and about the repair, alteration and addition to the said factory, of which the said James Dearie and Margaret Dearie were or are the owners or reputed owners, and the said James Dearie the contractor."

The bill of particulars annexed to the claim was charged :—

"Mr. James Dearie,
    "For factory or lot No. 2329 Callowhill street,
                                "To S. C. Martin, Dr.
"To repairing and altering water, gas and steam-pipes in factory."

To the scire facias the defendants pleaded "that the said Margaret Dearie, at the time the said labor and materials are averred in said claim to have been done and furnished, was and still is the wife of the said James Dearie, and * * * the said coverture she pleads in bar of the said claim of the plaintiff."

The plaintiff replied "that the said work and materials were done and furnished at the request and at the authority of the said Margaret Dearie, as well as of the said James Dearie, and were necessary and convenient to the preservation and enjoyment of said estate."

The defendants demurred to the replication, "that the plaintiff, in a scire facias on a mechanic's claim filed against the property of Margaret Dearie, a married woman, has to a plea of coverture, set up in his replication the request and authority of the said Mar-

[Dearie *et ux. v.* Martin.]

garet Dearie, while no such request and authority are averred of record in the claim itself as filed." * * *

The District Court gave judgment for the plaintiff on the demurrer.

The defendants removed the record to the Supreme Court by writ of error; they assigned for error that the court erred in entering judgment for the plaintiff on the demurrer to his replication:—

1. Because there was nothing in the claim to show that Margaret Dearie was the wife of James Dearie.

2. Because no request and authority of Margaret Dearie were averred of record, and on the face of the said plaintiff's claim as filed.

*M. Abbott* (with whom was *D. Webster*), for plaintiffs in error. —It should have appeared by the claim that the repairs had been made with the wife's consent: Ward *v.* Black, 7 Phila. Rep. 342. A wife's separate estate cannot be encumbered by the unauthorized act of the husband: Barto's Appeal, 5 P. F. Smith 386. A claim against a wife for improvement of her separate estate is only constructively within the Act of 1848: Finley's Appeal, 17 P. F. Smith 458; Murray *v.* Keyes, 11 Casey 384. A plaintiff in a mechanics' lien cannot amend it after six months: Mahon *v.* Gormley, 12 Harris 83; Russell *v.* Bell, 8 Wright 53; Armstrong *v.* Hallowell, 11 Casey 485; Parke *v.* Kleeber, 1 Wright 251.

*J. H. Sloan* cited Forrester *v.* Pittsburg, 2 Pitts. Rep. 298.

Mr. Justice WILLIAMS delivered the opinion of the court, October 14th 1875.

If the claim, on which the scire facias issued, was radically defective, it was no lien on the wife's property; and the defect was not cured by the replication to her plea of coverture. The replication cannot be treated as an amendment of the claim, and if it could, it was too late to amend after the statutory period allowed for filing the claim. If the claim was fatally defective, it was as powerless to continue the lien for which the law provides, as if it had never been filed. It is clear that the wife's property is not subject to a lien for work done and materials furnished in its improvement or repair, upon a contract with the husband, unless it is made with her authority. The husband cannot, by any act of his, encumber the wife's property without her consent, even for the purpose of making necessary repairs. And if so, is it not essential, in order to bind the wife's property, that the facts necessary to the validity of the lien should appear on the face of the claim? Should it not show the coverture of the wife, and that the work was done and the materials furnished with her authority and consent? How otherwise can it be known with

[Dearie *et ux. v.* Martin.]

reasonable certainty that the claim was intended to be a lien on the property of the wife and to bind her separate estate ? It seems to us but reasonable that the claim should set forth substantially all the facts necessary to the validity of the lien, and if it does not, that it should be regarded as inoperative and void. Is, then, the claim in this case sufficient, if the wife's property was subject to a lien for the work done and the materials furnished by the claimant? It does not show the wife's coverture in express terms or by necessary implication. It is true that James Dearie and Margaret Dearie are named as owners or reputed owners, and James Dearie as contractor. But it is not alleged that Margaret is the wife of James, and it is not necessarily implied from the fact that she has the same surname. She may have been his mother, sister, or cousin, or she may have sustained no other relation to him than that of co-owner of the property sought to be charged. Nor is there anything to show that the debt, for which the claim was filed, was contracted for work done and materials furnished upon the authority and with the consent of the wife. It is not so alleged, and there is nothing in the claim from which it can properly be inferred. The fact that James Dearie is named as contractor cannot be regarded as a sufficient averment that the contract for the work and materials, for which the claim was filed, was made with the authority and consent of the wife. Being named as one of the owners, he was properly designated as contractor, if the work was done and the materials furnished upon his orders, as alleged in the claim : Sullivan *v.* Johns, 5 Whart. 356. But if Margaret Dearie, the other alleged owner, was his wife, as shown by the pleadings, it does not follow, because he is named as contractor, that she authorized or consented to the contract on which the plaintiff's claim is founded. If then the debt, incurred for the improvement of the wife's property, was contracted during her coverture, as alleged in the plea, and impliedly confessed in the replication, the claim is incurably defective; and if so, as there can be no recovery upon it, it is immaterial whether the work was done and the materials furnished with her consent or not. If the claim was not a lien on the wife's property by reason of her coverture, the replication was no answer to the plea, and the court below erred in giving judgment for the plaintiff on the demurrer. Under the pleadings the defendants were clearly entitled to judgment. We have nothing to do with the supposed hardship of the case on the one side or the other. The substantial and only question presented by the record is, whether the claim, as filed, is a lien on the property of the wife. We think it is not, and that to hold otherwise would be productive of endless doubt and mischief.

Judgment reversed and judgment for the defendants below on the demurrer.