## Catharine J. Smith et al., Plffs. in Err., *v.* Louis Sarver.

A mechanics' claim sets forth with sufficient particularity the items, amount and time of the work done and materials furnished, which alleges a certain amount due for work done and materials furnished within six months past, and refers to a bill thereof annexed which sets out a specific amount due for a specified number of yards of plastering done on a house and materials therefor furnished within certain dates.

(Argued October 27, 1886.  Decided November 15, 1886.)

October Term, 1886, No. 112, W. D., before GORDON, TRUN-KEY, STERRETT, GREEN, and CLARK, JJ.  Error to the Common Pleas No. 1 of Allegheny County to review a judgment on a verdict for plaintiff in a sci. fa. sur mechanics' lien.  Affirmed.

A mechanics' lien was filed by Louis Sarver, a subcontractor against Catharine J. Smith, the owner, wife of Percy F. Smith, July 30, 1885.

After setting forth the date of filing the names of the owner, contractor, etc., the mechanics' claim was as follows:

"Second.  The amount claimed to be due is $306 with interest from June 1, 1885.    The same being for work done and materials furnished within six months past, for and about the erection and construction of said building.    The particular items, amounts, and dates when said materials were furnished being specifically set out in the bill hereto annexed and made part hereof.

"Third.  The said building is a three-storied brick dwelling house, containing six rooms, with hall and finished attics and pantry.    The said building is erected on the separate estate of

NOTE.—Where a bill of particulars is specifically referred to in a mechanics' lien claim filed, it will be considered a part thereof. Knabb's Appeal, 10 Pa. 186, 51 Am. Dec. 472; Wilvert v. Sunbury, 81 *Pa. 57; Keech v. Scull, 5 Montg. Co. L. Rep. 86.

the said Catharine J. Smith, and is a proper and necessary improvement of her separate estate; and the said Catharine Jane Smith contracted for said improvement and agreed to pay for the same.     The said building is erected upon a lot or piece of ground  situate  in  Chartiers township, Allegheny county, Pennsylvania, bounded and described as follows: *viz.*  .  .  ."

The bill annexed was as follows:

April 7, 1885.

Mrs. Catharine J. Smith, Owner, and W. J. Quinn, Contractor,
To Louis Sarver, Dr.

To 1;100 yards of plastering on house of Mrs. Smith,
    commenced on or about Jan. 5, 1885, and finished on
    April 7, 1885. ............................... $300.00
Of this sum one half, *viz.,* $150.00, is for work and
    labor done in plastering said house, and the other
    half, *viz.,* $150.00, is for materials, *viz.,* lime, sand,
    hair, water, etc., furnished for said plastering.
To 2 days' work laying walks around said house during
    the month of May, 1885 ...................... 6.00
                                                        ─────────
                                                        $306.00

At the trial defendants, *inter alia,* presented the following point:  1. That the first item of plaintiff's claim, to wit: the item for plastering done, and lime, hair, sand, etc., furnished, is insufficient in not setting forth the nature or kind of work done, the kind and amount of materials furnished and the time thereof, as required by the act of assembly of 1836; that there can be no recovery for the same under the lien as filed, and the verdict must be for the defendants.     Refused.

The jury returned a verdict for the plaintiff, on which judgment was entered; and defendants took this writ, assigning as error the refusal of defendants' first point.

*Geo. C. Wilson,* for plaintiffs in error.—This is a claim filed by a subcontractor in Allegheny county and the provisions of neither the act of 1845 (P. S. 538), nor March 24, 1849 (P. S. 675), apply.     He was bound to set forth particulars in his claim as directed by the act of 1836, or his lien must fall.     Gray v. Dick, 97 Pa. 147; Russell v. Bell, 44 Pa. 47; Lee v. Burke, **66 Pa. 336.**

In the bill attached to the claim in question the number of yards is given. But this claim is not filed, nor is it to be tested under the act of March, 1849, applicable to Philadelphia and Chester counties, and which provides for the ascertainment of the value of work and materials by measurement when done.

Nor is this case like the case of Hill v. McDowell, 14 Pa. 175, where the work done was under an agreement with the owner that the plaintiffs should be paid by measurement at a certain rate.

*Thos. Herriott,* for defendant in error.—All that is necessary to validate a mechanics' lien is "certainty to a common intent." Rush v. Able, 90 Pa. 153; Knabb's Appeal, 10 Pa. 186, 51 Am. Dec. 472.

In the case of Lee v. Burke, 66 Pa. 336, relied on by the plaintiffs in error, the claim was for painting a house, without any specification as to the size of the house or amount of painting done; if the number of yards of painting had been specified that would have been sufficient. It has been held that in stone work it is sufficient to specify the number of perches, with the price per perch. Donahoo v. Scott, 12 Pa. 45.

In Rush v. Able, 90 Pa. 153, this court has sustained a lien for plastering where only the number of yards of plastering and the price are stated in the bill filed with the lien. Indeed, this is the only practical way of filing a lien for plastering, unless you specify the amount charged for each ingredient, *viz.,* lime, sand, water, hair, labor, etc. This is not necessary in order to let the owner know whether the bill is a fair one. Shaw v. Barnes, 5 Pa. 21, 47 Am. Dec. 399.

PER CURIAM:

The mechanics' claim, in this case, sets forth with sufficient particularity the items and amounts of the work done, and materials furnished, as also the time when the same were done and furnished.

The judgment is affirmed.