## Hartley-Zeigler Company v. Bacon, Appellant.

*Contracts—Breach—Labor and material—"Plans"—"Specifications"—Set-off—Evidence—Rescission of contract—Practice, Supreme Court.*

1. In an action to recover for the furnishing of labor and material in certain concrete work the trial court did not err in refusing a continuance, moved for on the ground that a copy of certain plans of a building on which part of the work was to be done was not asked for by the plaintiff, nor appended to plaintiff's declaration, where it appeared that the plaintiff did not contract to build the garage or be responsible for the building, but was merely under obligation to furnish the concrete material and labor, and the

plans were to be used simply to indicate where the work was to be done.   The determination of this question was within the discretion of the trial judge.

2. In such case the court did not err in refusing to admit in evidence plans and specifications of the building for the purpose of showing that the contracts had not been carried out in accordance with the defendant's construction thereof, where an examination of such contracts showed that the specifications were not mentioned as a part of the undertaking by the plaintiff, and particularly where defendant was permitted to testify as to their contents.

3. The court did not err in such case in rejecting defendant's offer to prove the meaning of the word "plans" as used in this connection where there was not sufficient basis for the contention that the word "plans" included the specifications. Plans are not, in the same sense, nor to the same extent, to be considered an integral part of the contract as are the specifications. Their office is rather to illustrate and explain what is to be done.

4. In such case the striking out of testimony on behalf of the defendant, which asserted that the specifications defined what constituted the character of the mixture of concrete agreed upon by the parties was not erroneous, the specifications not being a part of the contract, and especially where evidence was admitted to show that the concrete was not furnished in the precise proportions which had been agreed upon.

5. In such case where the court instructed the jury that if the defendant was without a valid excuse for refusing payment his conduct constituted a breach of the contract and plaintiff was justified in bringing this action to recover for the work done and the material furnished in accordance with the prices named in the contract, the contention of defendant that the court did not sufficiently emphasize its right of set-off cannot be sustained, particularly where the trial judge at the close of the charge asked whether counsel desired him to go any further into the evidence and no request was then made.

6. In such case where plaintiff and defendant entered into two agreements, one dated April 2, 1909, and the other August 23, 1909, under each of which plaintiff was to furnish labor and concrete material at specified prices, the later agreement providing that the terms of payment should be the same as under the first agreement, plaintiff was justified in rescinding the contract where it appeared that defendant refused to pay the amount due plaintiff in accordance with the terms of the first agreement and the court did not err in refusing to give binding instructions for the defendant.

Argued May 18, 1915. Appeal, No. 288, January T., 1915, by defendant, from judgment of C. P. York County, August T., 1913, No. 1, on verdict for plaintiff in case of Hartley-Zeigler Company v. George W. Bacon. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit to recover for material furnished and work and labor done. Before ROSS, J.

From the record it appeared that this was an action of assumpsit to recover for material furnished and work done under two agreements in which defendant undertook to purchase $5,000 worth of labor and concrete material within two years and the plaintiffs agreed to furnish the same at certain specified prices.

The statements of claim set up, inter alia, that on April 2, 1909, plaintiffs and defendant entered into a written contract whereby it was agreed that defendant was to purchase or cause to be purchased from the plaintiffs $5,000 worth of concrete work (labor and material); that plaintiffs were to buy a lot of ground from the defendant for a consideration of $2,500 and in the carrying out of the contract one-half of the money due the plaintiffs from the defendant was to be credited on the purchase-price of the lot and the other half paid in cash; that on August 23, 1909, it was further agreed that plaintiffs should furnish material for the construction of the concrete and cement work in the erection of a concrete garage in York, Pa., and that the terms of payment were to be the same as under the agreement of April 2, 1909; that in pursuance of the agreement plaintiffs had furnished to the defendant labor and material to the amount of $4,076.93 and this, together with interest on notes brought the total amount to $4,088.93; that the plaintiffs had up to the bringing of suit received $1,276.33 on account, leaving a balance of $2,812.60 still due; that the plaintiffs had demanded from the defendants on May 10, 1910, a balance then due under the con-

tract $768.60 which amount the defendant had refused to pay and still refuses to pay; wherefore it was asserted that the defendant is justly, legally and equitably indebted to the plaintiffs in the sum of $2,812.60 with interest thereon from May 20, 1910.

The affidavit of defense denied every material averment as set forth in the statements of claim but admitted in an evasive manner that the work was done in pursuance of the two agreements of April 2 and August 23, 1909. It set up that none of the work was done according to the contract; that plaintiffs had agreed to do the work under the agreement of August 23, 1909, according to certain plans and specifications and alleged set-offs amounting to enough to leave a balance due defendant of $3,347.84 on the following items: for defective sidewalks, for failure to furnish a "one to six" mixture as agreed in the contract of August 23, 1909, for overcharges, for defective work on the garage, for failure to complete the garage, for personal property of the defendant retained by the plaintiffs, and because a deed for the property mentioned in the agreement of April 2, 1909, had been tendered to the plaintiffs, and for taxes paid on said property.

There is no dispute about the fact that the two agreements of April 2, 1909, and August 23, 1909, were assented to and signed by both parties after the plans and specifications had been examined and discussed by the parties. Neither is there any dispute as to the fact that the material and labor for the cement work on the garage was furnished by the plaintiffs.

The testimony in behalf of the plaintiffs, most of which was in conflict with testimony of the defendant brought out the following facts:

Mr. Hartley refused at the time of the drawing up of the agreement of August 23, 1909, to incorporate the specifications for the garage for several reasons, one of them being that they would not have permitted him to charge for window spaces, etc., as though they were solid

walls, and another being that they provided for a differ-ent mixture of concrete than he was willing to supply. The agreement of August 23, 1909, is as follows: "York, Pa., Aug. 23, 1909.   Mr. George W. Bacon, York, Pa. Dear Sirs: We hereby propose to supply all stone, sand and cement, also cinder to be used in floors, for the construction of the following described concrete and cement work to be used in the erection of your proposed garage building at 116 and 118 E. Market street, this city, upon the following terms and conditions, you to construct all necessary forms and furnish all water to be used in the work: 1. All foundation work, substantially as indicated on plans prepared by W. R. Smith, Jr., will be put into such forms which you are to construct for the sum of three dollars ($3.00) per perch, inserting such reinforcement as you may supply.   2.   We will also supply and put into such forms as you may construct for the walls, a first class concrete in proportion of 1 to 6, for the sum of four dollars and twenty-five cents ($4.25) per cubic perch, inserting all necessary reinforcements as you may supply, according to directions and leaving such provisions for setting of beams and connections of floor members as may be indicated to us during the progress of the work.   3.   We will construct a first class 4-inch cinder concrete on the ground to grade prepared by you, applying to it a 1-inch cement topping with drainage inclines arranged to suit, for the sum of five cents (.05) per square foot.   4.   We will also supply and place the necessary concrete for your second and third floors as indicated in plans referred to, for the sum of ten cents (.10) per square foot, provided you construct all necessary forms and supply the metal reinforcement together with the necessary equipment and services for elevating material from the ground to the respective floors.   The terms of payment are as the work is completed one-half is to be credited on purchase-money of lot situated in west end, and the balance to be paid for

in cash or its equivalent.  Very respectfully, Hartley-Zeigler Co.  Per J. W. Hartley, Treasurer."

There was practically no dispute in the interpretation of the contract of April 2, 1909.

Verdict for plaintiff for $3,436.99, and judgment thereon.  Defendant appealed.

*Errors assigned* were, among others, in refusing defendant's motion for the withdrawal of a juror, various rulings on evidence, and the charge of the court.

*W. F. Bay Stewart,* of *Stewart & Gerber,* with him *Logan & Logan,* for appellant.

*Henry C. Niles,* with him *Michael S. Niles, Charles A. May,* and *George E. Neff,* for appellees.

OPINION BY MR. JUSTICE POTTER, October 4, 1915:

In the first assignment of error counsel for appellant complain of the refusal of the trial court to withdraw a juror and continue the case, when it appeared that a copy of certain plans was not asked for by the plaintiff, nor were they appended to the declaration filed by plaintiff.  The determination of this question was within the discretion of the court below, and we see no evidence of any abuse of that discretion.  The plaintiff was to furnish certain concrete work at a stipulated price per cubic perch.  It did not contract to build a garage, or to be responsible for the building.  The plans were to be used to indicate where the work was to be done, but the specifications do not seem to have been mentioned as forming part of the contract.  The plaintiff's only obligation under the agreement was to furnish the concrete material for the building according to the directions of defendant and to put a "1 to 6" mixture in the walls.  There was plenty of evidence that this part of the contract was fulfilled.  Under the circumstances the refusal of the court below to withdraw a

juror and continue the case cannot be regarded as an abuse of discretion. The first assignment of error is, therefore, dismissed.

In the second, third and fourth assignments of error complaint is made that the trial judge refused to admit in evidence the plans and specifications of the garage building, for the purpose of showing that the contract had not been carried out in accordance with defendant's construction thereof. An examination of the second contract, which was that of August twenty-third, shows that the specifications were not mentioned therein as part of the undertaking by plaintiff. Aside from this, we do not see that the refusal to admit them in evidence resulted in harm to the defendant, for the reason that he was perhaps improperly permitted to testify to their contents, and that the contract was to be performed in accordance therewith. Of this the appellant cannot complain. These assignments are, therefore, dismissed.

Nor is there any merit in the suggestion in the fifth assignment, that the trial court erred in rejecting defendant's offer to prove the meaning of the word "plans" as used in this connection. The distinction between the use of plans, and of specifications, was pointed out in Knelly v. Howarth, 208 Pa. 487. It was there suggested that plans are not, in the same sense, nor to the same extent, to be considered an integral part of the contract as are the specifications. Their office is rather to illustrate and explain what is to be done. In the present case the offer to show that the word "plans" included the specifications, was without any sufficient basis, and was not justified, and it was properly excluded.

In the sixth assignment, it is alleged that the court below erred in striking out testimony on behalf of defendant, which asserted that the specifications defined what constituted the character of the mixture of concrete agreed upon by the parties. As the specifications were not part of the contract, it was immaterial what definition as to the mixture they contained. Further-

more, evidence was admitted by the court below to show that the concrete was not furnished in the precise proportions which had been agreed upon, so that the exclusion of the evidence in question did no harm to the defendant.

Without taking up in detail the remaining assignments of error, it is sufficient to say that in none of them do we find any substantial merit.  We are satisfied that the court below properly submitted to the jury the question whether the defendant wilfully and without a valid excuse declined to make payment in accordance with the contract.  He properly instructed the jury that if the defendant was without a valid excuse for refusing payment, his conduct constituted a breach of the contract, and plaintiff was justified in bringing its action to recover for the work done, and the materials furnished, in accordance with the prices named in the contract.  The suggestion of counsel for appellant, that the court did not sufficiently emphasize defendant's alleged right of set-off, is without force.  If defendant had a valid excuse for refusing the demand of the plaintiff for payment, he had a right of set-off.  If he had no such legal or valid excuse for refusing payment, he would have no foundation for a claim of set-off.  There was no occasion for the court in its charge to give separate consideration to the question of the alleged right of set-off.  Counsel for the defendant did not seem to think it necessary at the time, for at the close of the charge, when the trial judge asked whether counsel desired him to go any further into the evidence, the record does not show that any such request was made.  The trial judge was clearly right in refusing to give binding instructions in favor of defendant.  It appeared from the evidence that plaintiff rescinded the contract, and its action was justified, if, as found by the jury, the defendant refused to pay the amount due to plaintiff in accordance with the terms of the first agreement.

Counsel for appellee admit that a slight error was

made in computing the amount for which judgment was entered. This error they offered to correct. With that understanding, the assignments of error are all overruled, and the judgment is affirmed.