## Lloyd v. Morrison et ux.

*Thomas D. Caldwell* and *Carl B. Stoner*, for plaintiff.
*R. D. Hospers*, for defendants.

WICKERSHAM, J., November 3, 1930.—The plaintiff in the above-stated case, on May 26, 1930, filed his lien against the defendants, owners or reputed owners, and against the building therein described, and curtilage appurtenant

thereto, for the payment of a debt due him as architect in the erection and construction of said building. It is alleged in paragraphs four and five of the lien as follows:

"4. The work done by the claimant was by virtue of an oral contract, the terms of which were that the claimant should prepare plans and specifications for the building hereinafter described.

"5. The nature of the work done by the plaintiff was the preparation of plans and specifications, and the revision of drawings for the building hereinafter described."

The amount claimed to be due is $818.40. It is further alleged that the first work was done by the claimant May 1, 1929, and the last work was done November 27, 1929. And in paragraph eight it is alleged:

"The aforesaid work was done in and about the original erection and construction for the three-story business building located on the south side of Market Street, and known as 429-431 Market Street, Harrisburg, Pa."

It is alleged that the building was completed on or about November 10, 1929.

The defendants presented a petition August 4, 1930, and obtained a rule upon the plaintiff to show cause why the said lien should not be stricken from the records for the reason that the said work in fact was only the preparation of plans and specifications and the revision of drawings for the building described in said claim, and that no part thereof was for superintending the construction of said building, and for that reason, under the Mechanic's Lien Act of 1901, this is not such a claim as can be made the subject of a mechanic's lien.

The plaintiff filed an answer to the rule so obtained, alleging that the plaintiff not only prepared the plans and specifications but that he also supervised the erection of said building. The claimant further avers that this claim should not be stricken from the record, but if it is defective, under section fifty-one of the said Act of 1901, the claimant should be allowed to amend his statement.

A rule to strike off a mechanic's lien must be determined by the record: Dyer v. Wallace, 264 Pa. 169. In disposing of the defendants' motion, we think two questions are involved:

1. Should the plaintiff's lien be sustained upon the allegations contained therein; and

2. If not, should the plaintiff be permitted to amend his lien?

It is conceded that the six months' period during which the plaintiff could file his original lien has long since passed. A mechanic's lien is a pure creature of the statute and compliance with statutory requirements is necessary to its validity. It must state facts and not depend on inferences: Dyer v. Wallace, supra. Under article III, section seven, of the State Constitution, the mechanics' lien system cannot be extended beyond the point it had reached at the time of the adoption of the Constitution: Fluke et al. v. Lang et al., 283 Pa. 54. The plaintiff having failed to state in his lien that in addition to preparing and revising the plans, as aforesaid, he supervised the erection and construction of the building in question, we think his claim is incurably defective: Singerly v. Cawley, 26 Pa. 248. The plaintiff's lien must be self-sustaining. There is no intendment in its favor. It must show on its face that it is such a lien as the statute authorizes the claimant to file: Knelly v. Horwath, 208 Pa. 487. In this last-mentioned case the claimant did not file specifications with the lien, but, to obtain a claim for extra work, filed a bill for materials sold and work done and annexed it to the lien. There was no statement of the terms and conditions under which they were furnished and

but few items of the bill were the subject of a mechanic's lien. It was held that the lien could not be sustained.

Applying this well-established principle of law to the allegations contained in the plaintiff's lien, it very clearly appears that the contract between the plaintiff and the defendants was oral and to the effect "that the claimant should prepare plans and specifications for the building hereinafter described;" and "the nature of the work done by the plaintiff was the preparation of plans and specifications and the revision of drawings for the building hereinafter described." It thus appears that the services rendered by the plaintiff were those of an architect and not of a supervisor. We cannot draw an inference from the eighth paragraph of the mechanic's lien that services were also rendered by the architect in supervising the work in the erection and construction of said building. If that had been the contract, the plaintiff could have so stated in the fourth and fifth paragraphs of the lien. Having failed so to state, the conclusion must irresistibly follow that he has correctly stated in said two paragraphs what the contract between him and the defendants was. We are of the opinion, therefore, and so decide, that the plaintiff's only contract with the defendants was that he should prepare plans and specifications, together with the revision of drawings, for the building in question. That being our conclusion, the law naturally follows that the services of an architect in preparing plans cannot be made the subject of a mechanic's lien except in connection with other services rendered in the construction of the building: Dyer v. Wallace, supra.

We next come to consider whether the lien can be amended. The plaintiff claims the right to amend under section fifty-one of the Act of June 4, 1901, P. L. 431. Prior to the Constitution of 1874, a mechanic's lien could not be amended after the expiration of the time allowed for filing it. Any provision of the Act of 1901 which is clearly divergent from and an advance upon the law as it stood prior to the Constitution of 1874 is, therefore, regarded as invalid: Page v. Carr, 232 Pa. 371.

The right to amend a mechanic's lien was under discussion in Sumption v. Rogers (No. 1), 53 Pa. Superior Ct. 109, 121. In writing the opinion of the Superior Court, it was said by President Judge Rice, from whose opinion we quote, slightly paraphrasing it to fit the facts contained in the record in the instant case:

"The proposal of the plaintiff now is to convert his claim, which is fatally defective, into a claim based upon the assumption, not alleged in the lien, that he also rendered services in supervising the erection of said building. If the amendment proposed would have the effect claimed for it, it would be analogous to amending a declaration, in an action at law, by substituting a new cause of action for that declared on, after the action had been barred by the statute of limitations. It would be, in effect, to extend the time for filing a claim after that time had expired. Prior to the Act of June 11, 1879, P. L. 122, no material amendment of a mechanic's lien could be made after the expiration of the period for filing: Dearie v. Martin, 78 Pa. 55. And even under that act, which was quite liberal in its provisions, an amendment involving such radical departure from the claim filed as is under consideration here was not permissible after the expiration of that period: Knox v. Hilty, 118 Pa. 430; McFarland v. Schultz, 168 Pa. 634. In mechanic's lien cases, it is clearly settled that amendments going to the jurisdiction will not be allowed after the time allowed by the statute for filing has expired: Forst's License, 208 Pa. 578; Grier v. Northern Assurance Co., 183 Pa. 334, 348, 349."

To the same effect is Wint Co., Ltd., v. Kurecz et al., 29 Dist. R. 925, in which President Judge Stewart enters into an exhaustive discussion of the

question of amendments to mechanics' liens after the time for filing the same has expired. We are impressed with his reasoning in that case and with the conclusion which he reached. Also, in Vogel Co. v. Grape Products Co., 57 Pa. Superior Ct. 501, 507, it was said by Judge Head:

". . . It is undoubtedly true that in the earlier decisions prior to the new constitution the courts gave substantial effect to the provision of the statute that declared the claimant must file his lien within six months from the date of the completion of the work. As a consequence, if it were made to appear the claim, as filed within the statutory period, was substantially so defective as to be worthless, the claimant could not, under the guise of an amendment, be permitted to file a valid lien after the expiration of that period."

And in South Phila. Builders Supply Co. v. Testa et al., 8 D. & C. 794, Judge Taulane decided, quoting numerous authorities, that section fifty-one of the Act of 1901 is unconstitutional in so far as it attempts to allow amendments of matters of substance after the time for filing the lien has expired.

Counsel for the plaintiff, in support of his motion to amend, relies upon the decision of the Court of Common Pleas of Montgomery County in Cook v. Hoffman et al., 6 Mont. Co. Law Repr. 176, which holds that a mechanic's lien, defective in failing to set forth the nature and kind of work done and the time when finished, can be amended. This was decided by President Judge Swartz on October 6, 1890. We find, however, that he reached an entirely different conclusion in Roberts v. MacPhee, 33 Mont. Co. Law Repr. 185, at page 191, et seq.

We are not able to reconcile the opinion of President Judge Endlich in Steinitzer v. Scholl et al., 24 Dist. R. 719, with the more recent decisions of the Supreme and Superior Courts. Other cases relied upon by counsel for the plaintiff are Smith v. Sarver, 4 Sadler 289, 7 Atl. 99, Ferguson v. Vollum, 1 Phila. 181, and Thirsk v. Evans, 211 Pa. 239, but they are clearly distinguishable from the case at bar. In the last-named case Mr. Justice Elkin, writing the opinion of the Supreme Court (pp. 242, 243), said:

". . . It is true Thirsk used plans and specifications in ascertaining the kind and character of work to be done and the quantity and quality of materials to be furnished, but they were not his property. He did not have possession of them for purposes of his own, and was refused a copy when he requested the same. These facts clearly distinguish this case from Knelly v. Horwath, 208 Pa. 487. This act should not be construed to require a claimant to do an impossible thing."

This was a rule on the plaintiff to show cause why his mechanic's lien should not be stricken from the record because he did not file with his lien a copy of the articles, plans and specifications which he did not have in his possession, and which, on demand, had been refused, and he was thereby prevented from attaching the same to a copy of his own contract.

After a careful study of the authorities from which we have quoted, referred to in the briefs of counsel for the plaintiff and defendants, we are clearly of the opinion that to permit the plaintiff to amend his claim at this time, so as to state, in addition to preparing plans and specifications for the erection and construction of said building, that he had supervised the erection and construction thereof, would be an advance upon the law as it stood prior to the Constitution of 1874, and, therefore, cannot be allowed. The rule to show cause why the plaintiff's lien should not be stricken from the record is, therefore, made absolute. The mechanic's lien filed by the plaintiff must be stricken from the record, and it is so ordered. Costs to be paid by the plaintiff. From Homer L. Kreider, Harrisburg, Pa.