## GROESBECK et al. v. HOGAN.
### No. 5609.

Circuit Court of Appeals, Sixth Circuit.
Jan. 9, 1931.

John R. Schindel, of Cincinnati, Ohio (Waite, Schindel & Bayless, of Cincinnati, Ohio, and Rouse & Price, of Covington, Ky., on the brief), for appellants.

Stephens L. Blakely, of Covington, Ky. (John H. Klette, of Covington, Ky., on the brief), for appellee.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

The appellee, defendant below, owned a vacant lot in Covington, upon a residence street, between his home and another residence which he owned. He gave to the appellant Groesbeck, a real estate dealer in Cincinnati, an option to buy this vacant lot, upon various terms and conditions as specified. One of these was that Hogan would "reserve the right to inspect and approve the plans of any building that is to be erected upon said lot, it being understood and agreed that said property may be used for an oil and gas filling station. If [Hogan] does not approve the plans then the acceptance of this option shall be void and the deposit be returned."

Groesbeck negotiated a lease to an oil company, and this provided that the lessee should erect a filling station according to certain plans. Pursuant to the understanding of the parties, these plans were submitted by the oil company to Groesbeck and by him to Hogan. They showed a metal building, and Hogan objected because he wanted it to be of

brick, and to be in general style and appearance like a nearby oil station, which he thought a more desirable structure. No agreement being reached upon this subject, Hogan considered the condition of the option not performed, and refused to convey. This action was brought to recover the optionee's damages.

Plaintiffs' position was that Hogan had no right to demand satisfaction as to the appearance or materials of the structure, that he reserved no approval except as to the "plans," and that his rightful scrutiny pertained only to such plans as showed dimensions and ground location; hence that his refusal to approve the submitted plans upon the ground that he did not like the appearance or materials was merely arbitrary, and could not justify his refusal to convey.

We think Hogan was right in his interpretation of the contract. Where building contracts refer, as they commonly do, to "plans and specifications," it is logical, and may be necessary, to differentiate between the two, and to say that the matter of materials, and to some extent the matter of appearance, must be classified as pertaining to "specifications" rather than "plans." Hartley-Zeigler Co. v. Bacon, 251 Pa. 87, 96 A. 257; Jenney v. Des Moines, 103 Iowa, 347, 72 N. W. 550; Nave v. McGrane, 19 Idaho, 111, 113 P. 82. We find no judicial definitions of "plans," in any environment like this. Hogan was not particularly concerned with the ground plans of the building. It is plain, we think, that his natural concern would be with its appearance. He wished that this appearance detract as little as possible from the value of his nearby property, and his satisfaction with his home. In common use, when not associated in contract with "specifications," we think the word "plans" fairly refers to the whole subject which in a building contract would be covered by "plans and specifications"; that is, "a method of action, procedure, or arrangement." Noice v. Schnell, 101 N. J. Eq. 252, 269, 137 A. 582, 589, 50 A. L. R. 965. The owner who asked an architect for tentative plans for a new home would be surprised to get no elevation, nor any information as to the proposed materials. Doubtless "plans" so used by itself would have a much more vague and general interpretation than that usually implied by "specifications"; but we have no doubt that it fairly covers the matter of brick walls instead of metal walls upon a structure the appearance of which would materially affect plaintiff's adjoining property, and that it was intended to be so used in this case.

If there were otherwise doubt about this, it would be made clear by the conduct of the parties. They knew what they meant by the word. For the purpose of getting Hogan's approval under this contract, the oil company prepared "plans" and Groesbeck submitted them to Hogan. They showed the materials, and upon them Hogan based his rejection. Groesbeck and associates did not then claim that Hogan had reserved no right to approve materials and appearance. They endeavored to satisfy him in another way.

Reaching this conclusion, it becomes unnecessary to consider the other questions argued.

Upon the ground stated, the judgment below is affirmed.