## Jan-Lee Corp. v. Kay

*Herman Blumenthal,* for plaintiff.

*Lloyd A. Good, Jr.,* for defendant.

GOLD, J., November 9, 1959.—This matter is before us on a petition and rule filed by defendants to show cause why plaintiff's mechanic's lien, filed pursuant to section 2 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, 49 PS §21, should not be stricken off. Plaintiff has also filed a petition and rule to show cause why it should not be permitted to amend its lien to which defendants have filed a responsive answer.

The fifth paragraph of the lien states as follows:

"5. The nature and kind of work done was the demolition of premises situate and known as 2205 North 6th Street, Philadelphia, and the filling in of the basement left open and exposed by said demolition."

Defendants contend that the lien is fatally defective on its face since there is no averment that the demolition work was conducted pursuant to the erection or repair of another structure situated on the premises. We agree with this contention. We think it clear that where services are rendered in the demolition of a building and in grading or filling in the land upon which the demolition occurred, this does not form the basis for the filing of a mechanic's lien unless such services are incidental to or preparatory to the alteration, erection and construction of a new structure: Jan-Lee Corporation v. Thompson Realty Company, 3 D. & C. 2d 457 (1955). See also Parkhill v. Hendricks, 53 Pa. Superior Ct. 9 (1913), where a mechanic's lien for grading and sodding was held to be unauthorized under the Act of 1901, supra.

The reason for not permitting a lien solely for demolition or grading work is apparent. The Mechanic's Lien Act of 1901 contemplates the right to a lien only for work or materials furnished in connection with the erection or repair of structures. The lien attaches to the structure; the lien is not one that can

attach merely to the land: Fisher v. Groff, 3 D. & C. 2d 49 (1955).

Plaintiff argues that if its lien is defective, it has a right to amend under section 51 of the Act of 1901, 49 PS §243. This section provides, inter alia:

"Any claim . . . may be amended from time to time . . . by leave of the court, upon petition for that purpose, . . . setting forth the amendment desired. . . . Such amendment *shall be of right*, saving intervening rights; except that no amendment of the claim shall be allowed, after the time for its filing has expired, which undertakes to substitute an entirely different property from that originally described in the claim. . . ." (Italics supplied.)

Plaintiff, by its proposed amendment, seeks to add the following phrase to paragraph 5 of its lien: ". . . pursuant to the removal of the old structure and the erection on said premises part of a one-story building for use as a gasoline and automobile service station, the balance of said new building being erected on the adjoining lot." Without deciding whether the proposed amendment would be sufficient, we think that plaintiff is foreclosed from amending its lien at this late date since the statutory six-month period for filing under section 10 of the Act of 1901 has expired.

Plaintiff cites Thirsk v. Evans, 211 Pa. 239 (1905), and Linden Steel Co. v. Imperial Ref. Co., 138 Pa. 10 (1890), as authority for holding that substantial amendments may be allowed after the statutory period has expired. We do not so read these cases. In the Linden Steel Co. case, the court allowed an amendment after the statutory period, but only because it found that the original lien was sufficiently self-sustaining. The effect of the amendment in that case was merely to make the claim more precise, specific and particular. The Thirsk case was decided on its own peculiar facts. The court there allowed the amendment because de-

fendant prevented claimant from filing a complete claim. Under these circumstances, the court held that defendant was estopped from challenging the sufficiency of the claim. In Dyer v. Wallace, 264 Pa. 169 (1919), the court refused an amendment on technical grounds but implied that the amendment would have been allowed had the petition to amend been sufficient. The facts of that case do not indicate whether the statutory period for filing had expired.

In Sumption v. Rogers (No. 1), 53 Pa. Superior Ct. 109 (1913), a rule to strike off a lien was filed by defendant and a rule to amend was filed by claimant after the expiration of the statutory period. The Superior Court held that the lien, as originally filed, was fatally defective and to allow an amendment would convert the claim into a new cause of action which would in effect extend the statutory period for filing. The court refused to allow the amendment and ruled that no material amendment of a mechanic's lien could be made after the expiration of the period for filing under the Act of 1901. See also Dearie v. Martin, 78 Pa. 55 (1875); McFarland v. Schultz, 168 Pa. 634 (1895).

In South Philadelphia Builders' Supply Co. v. Testa, 8 D. & C. 794 (1927), there was also a substantive defect in the lien and claimant therein sought to amend after the statutory period had expired. The court pointed out that prior to the Constitution of 1874, a fatally defective lien could not be amended after the statutory period had expired. The court cited Page v. Carr, 232 Pa. 371, to the effect that any provisions of the Act of 1901 which extended the rights of lien creditors beyond those which existed prior to the Constitution were to be regarded as invalid. See also Fluke v. Lang, 283 Pa. 54 (1925), where it was held that article III, sec. 7, of the Constitution of 1874 prohibits any extension of the mechanic's lien system

beyond the point it had reached at the time of the adoption of the Constitution. Accord, Lloyd v. Morrison, 15 D. & C. 777 (1930).

Since the original lien herein filed was fatally defective and since the statutory period for such filing had expired prior to the requested amendment, we have no alternative except to discharge the lien and refuse the amendment thereto.

Accordingly, we make the following

*Order*

And now, November 9, 1959, defendants' rule to strike off the mechanic's lien filed in the within case is made absolute and plaintiff's rule for leave to amend said mechanic's lien is discharged.